**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Chapter 7

ASK HOMESTEAD FLORIDA, LLC                                Case No. 13-34573-AJC

      Debtor.
_____/

**TRUSTEE'S *EXPEDITED* MOTION FOR AN ORDER (I) AUTHORIZING PRIVATE**
**SALE OF THE BANKRUPTCY ESTATE'S INTEREST IN PERSONAL**
**PROPERTY PURSUANT TO 11 U.S.C. § 363 AND (II)  SHORTENING**
**NOTICE PERIOD IN CONNECTION THERWITH TO 14 DAYS**

**[HEARING REQUESTED IN APPROXIMATELY 14 DAYS]**

**Statement of Exigent Circumstances**

Since the conversion of this case to Chapter 7 of the Bankruptcy Code, the Trustee has diligently sought offers from prospective purchasers for a bulk sale of the personal property previously used by the Debtor in its restaurant business.  The transaction presented through this Motion represents the highest and best offer the Trustee has received to date.  The Trustee requests expedited consideration of this Motion, on a 14 days' notice, and requests that the Court enter an order shortening the required notice periods in connection therewith.  The Trustee requests such expedited consideration so as to be able to vacate the Debtor's business premises as soon as possible.

Soneet Kapila, the Chapter 7 Trustee ("Trustee") for the bankruptcy estate of ASK Homestead Florida, LLC (the "Debtor"), respectfully files this Motion for an Order (i) Authorizing the Private Sale of the Bankruptcy Estate's Interest in Personal Property Pursuant to 11 U.S.C. § 363 and (ii) Shortening Notice Period in Connection therewith to Fourteen (14) Days (the "Motion").   In support thereof, the Trustee states as follows:

**Background**

1.      On October 11, 2013, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). The case was subsequently converted to a case under chapter 7 on November 15, 2013 [*see* ECF No. 35].

2.      Soneet Kapila has been appointed and is presently serving as the duly appointed Chapter 7 Trustee for the Debtor's estate [ECF No. 36].

3.      Prior to the Petition Date, the Debtor owned and operated a Shakey's Pizza Parlor in Homestead, Florida.  The Debtor ceased operations prior to this case being converted to Chapter 7 of the Bankruptcy Code.

4.      The Debtor owns personal property which was used in the operation of its restaurant business.  The Trustee has obtained an inventory and appraisal of the Debtor's personal property [*see* ECF No. 68] and has made that information available to prospective purchasers.  The Trustee has diligently solicited offers from prospective purchasers, and has determined that it is in the best interests of the estate to seek an expedited sale on the terms set forth herein.

### Terms of the Proposed Sale

5.      The property which is the subject of this sale, hereafter referred to as the "Property," consists of all personal property owned by the Debtor and located at the Debtor's business premises at 2500 NE 10th Court, Homestead, FL 33033, which generally consists of restaurant and entertainment equipment and supplies, except as otherwise limited herein.  For the avoidance of doubt, the Property does **not** include (i) the property held for another person which is disclosed at Item 14 of the Debtor's Amended Statement of Financial Affairs [ECF No. 51];[1] (ii) property or equipment leased from a third party, including $CO_2$ products which were leased to the Debtor by Helget Gas Products, Inc. or the ice shaver/blender which is leased to the Debtor by Island Oasis Frozen Cocktail Co., Inc.; (iii)  any items which bear the identifying

---

1 1 pool table light, 1 pool table with pool sticks, 1 radio amplifier (back office), 1 stage (back dry storage), 8 stage lights, bars/truss for the stage.

mark of Shakey's USA, Inc., where such mark cannot be removed or concealed so that the property can be de-identified from Shakey's USA; or (iv) any of the Debtor's arcade equipment.

6.　　　The Trustee agrees to sell, transfer, convey and assign to **Jason Ivey** (the Buyer"), all the bankruptcy estate's interest in the Property, if any, as-is, where-is, without any warranties or representations of any kind whatsoever, and subject to any and all prior liens, claims and encumbrances other than the estate's interest.

7.　　　The Buyer agrees to purchase the Property from the bankruptcy estate for twelve thousand dollars ($12,000) ("Purchase Price") pursuant to the following terms (collectively, the "Proposed Sale Terms"):

　　　a.　　　Within two (2) business days of the filing of this Motion, the Buyer shall deposit half of the Purchase Price ($6,000.00) in cleared available funds into the trust account of the Trustee's counsel, Genovese Joblove & Battista, P.A.;

　　　b.　　　The Property will be sold as-is, where-is, without any warranties or representations of any kind whatsoever, and subject to all liens, claims and encumbrances;

　　　c.　　　Subject to approval by the Bankruptcy Court under Section 363 of the Bankruptcy Code, the Trustee will sell, transfer, convey and assign the estate's interest in the Property, if any, subject to any and all prior liens, claims and encumbrances other than the estate's interest; and

　　　d.　　　Within two (2) business days of the entry of an order of the Bankruptcy Court approving the sale to the Buyer, the Buyer shall pay the balance ($6,000.00) of the Purchase Price;

00184966.DOC

3

e.      The Proposed Sale Terms enumerated above shall be subject to "higher and better" offers.  In the event of competitive bidding, the initial overbid must be at least $13,000, and shall otherwise be on substantially the same terms as the proposed sale to the Buyer.

8.      The Buyer shall be solely responsible for any and all fees and costs associated with obtaining possession of the Property and removing the Property from the Debtor's business location.  The Buyer shall make best efforts to remove the Property form the Debtor's business location as soon as practicable following the Court's approval of this sale.

9.      Neither the Trustee nor the Debtor's bankruptcy estate shall be responsible for any fees or costs associated with the Buyer obtaining possession of the Property.

10.      Neither the Trustee nor the Debtor's bankruptcy estate shall be responsible for any damage or necessary repairs to the Property whatsoever.

### Relief Requested and Citation to Authority

11.      By this Motion, the Trustee seeks the entry of an order authorizing the proposed sale terms, pursuant to Section 363(b)(1) of the Bankruptcy Code.  For the reasons explained below, the Trustee believes that the approval of the Proposed Sale Terms set forth herein is appropriate and in the best interests of the Debtors' bankruptcy estate and its creditors.

12.      Section 363(b)(1) of the Bankruptcy Code provides: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Further, in pertinent part, Rule 6004(f)(1) states that, "all sales not in the ordinary course of business may be by private sale or by public auction."  Fed. R. Bank. 6004(f)(1) P. 6004(f)(1).

00184966.DOC

4

13.     With respect to the notice required in connection with a private sale, Bankruptcy Rule 2002(c)(1) states, in pertinent part:

> Subject to Rule 6004, the notice of a proposed use, sale or lease of property . . . shall include . . . the terms and conditions of any private sale and the time fixed for filing objections.  The notice of a proposed use, sale or lease of property is sufficient if it generally describes the property.

Fed. R. Bankr. P. 2002(c)(1).

14.     A court should approve the use, sale or lease of a property out of the ordinary course of business if there is an articulated business justification.  *See In re Abbotts Dairies of Pa. Inc.*, 788 F.2d 143, 145 (3rd Cir. 1986).  Generally, courts have applied four factors in determining whether a sale of a debtor's assets should be approved: (i) whether a sound business reason exists for the proposed transaction; (ii) whether fair and reasonable consideration is provided; (iii) whether the transaction has been proposed and negotiated in good faith; and (iv) whether adequate and reasonable notice has been provided.  *See Committee Of Equity Sec., Holders v. Lionel Corp.* (*In re Lionel, Corp.*), 722 F.2d 1063, 1071 (2d Cir. 1983).

15.     The fundamental analysis with respect to approving a sale is the same whether the sale is private or public.  *See*, *e.g.*, *In re Ancor Exploration Co.*, 30 B.R. 802, 808 (Bankr. N.D. Okla. 1983) ("[T]he bankruptcy court should have wide latitude in approving even a private sale of all or substantially all of the estate assets not in the ordinary course of business under §363(b)").  A bankruptcy court has broad discretion in the administration of a debtor's bankruptcy estate which includes the ability to authorize private sales of estate property.  *In re WPRV-TV, Inc.*, 413 B.R. 315, 319 (D. P.R. 1991), *vacated on other grounds*, 165 B.R. 1 (D. P.R. 1992).  In the instant case, the proposed sale of the Real Properties meets all of the aforementioned requirements and should be approved.

00184966.DOC

5

## The Proposed Sale Reflects An Exercise of the
## Trustee's Sound Business Judgment

16.     The Trustee submits that good business justification exists for approval of the sale of the estate's interest in the Property to the Buyer in accordance with the Proposed Sale Terms set forth above.  The sale price contemplated is the highest and best offer for the purchase of the Property received by the Trustee. Moreover, as an additional protection, the proposed sale is subject to higher and better offers.  Further, the Trustee has determined that it is in the best interests of the estate to remove the Property from the Debtor's business location as soon as possible, to avoid administrative claims arising from continued possession.  The proposed sale to the Buyer accomplishes these goals, brings cash into the estate and avoids fees and costs to the estate associated with removing the Property.

## The Purchase Price is Fair and Reasonable

17.     The Trustee believes that the Purchase Price represents a fair and reasonable price for the bankruptcy estate's interest in the Property.  The Purchase Price is the product of arm's length negotiations between the Trustee and the Buyer and exceeds all other offers to purchase the Property received by the Trustee as of the filing date of the Motion.

## The Sale is Proposed in Good Faith

18.     The proposed sale is the product of good faith, arm's length negotiations between the Trustee and the Buyer and it is subject to higher and better offers.  The Trustee submits that the proposed sale to the Buyer pursuant to the sale terms set forth herein is not the product of collusion or bad faith.

00184966.DOC

## Adequate and Reasonable Notice of the Sale Will be Provided

19.     The Trustee will serve this Motion upon all parties-in-interest as required by Rule 2002(c)(1) of the Federal Rule of Bankruptcy Procedure.  Such notice will conform to the requirements of Rule 2002(c)(1) as it will contain the Proposed Sale Terms.  For the reasons set forth hereinabove justifying an expedited sale process, the Trustee requests that the Court's order approving this sale shorten any required notice period to fourteen (14) days.  Thus, all notified parties will have fourteen (14) days ("Objection Deadline") from the date of service of this Motion to submit other offers or otherwise object to the proposed sale terms.  Consistent with his fiduciary duties, the Trustee will consider any such offers.

20.     In the event a party objects to the proposed sale terms by the Objection Deadline, the Trustee will entertain other offers to sell the Real Properties, starting at a purchase price of $13,000.00, with minimum bid increments thereafter of one thousand dollars ($1,000.00), or increments as otherwise decided in the business judgment of the Trustee.

21.     The Proposed Sale Terms enumerated hereinabove above shall be equally applicable to any other purchaser to the extent those terms are not contradicted by the requirements set forth in paragraph 22 below.

22.     For the Trustee to entertain additional offers to purchase the Real Properties, a prospective purchaser must provide:

       a.     A written offer served upon counsel for the Trustee via email at mschuster@gjb-law.com on or before 5:00 p.m. on the Objection Deadline;

       b.     A deposit of six thousand five hundred ($6,500.00) payable by bank cashier's check or wire transfer into the non-interest bearing escrow account of Genovese Joblove & Battista, P.A., by the Objection Deadline;

c.      Financial information sufficient for the Trustee to determine, using his business judgment, that the prospective purchaser is reasonably likely to be able to consummate the transaction; and

d.      Such other information as is reasonably requested by the Trustee.

23.      The Trustee reserves the right to waive any of the above-requirements for additional offers in his business judgment.

**Relief From the Fourteen-Day Waiting Period Under
Bankruptcy Rule 6004(h) is Appropriate.**

24.      Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order unless the court orders otherwise."  For all of the reasons set forth above justifying an expedited sale process, time is of the essence in the consummation of the sale of the bankruptcy estate's interest in the Property. Accordingly, the Trustee submits that waiver of the fourteen (14) day waiting period is appropriate.

WHEREFORE, the Trustee respectfully requests an order substantially in the form attached hereto as **EXHIBIT A** (i) authorizing the sale of the estate's interest in the Property pursuant to the proposed sale terms set forth herein; (ii) shortening all required notice periods to fourteen (14) days from the date of service of this Motion; (iii) waiving the fourteen (14) day stay pursuant to Rule 6004(h) and (iv) granting such other and further relief as the Court deems just and proper.

[SIGNATURE ON NEXT PAGE]

00184966.DOC

8

Respectfully submitted,

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Attorneys for Trustee*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile : (305) 349-2310

By:  /s/ Michael L. Schuster, Esq.
         Michael L. Schuster, Esq.
         Fla. Bar No. 57119
         mschuster@gjb-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S.

Mail or CM/ECF as set forth on the below service list this 29th day of January, 2014.

By:  /s/Michael L. Schuster, Esq.
         Michael L. Schuster, Esq

## VIA CM/ECF

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Soneet Kapila
trustee@kapilaco.com, FL68@ecfcbis.com

Scott D Knapp on behalf of Creditor DDR Homestead, LLC, c/o Broad and Cassel
sknapp@broadandcassel.com, bmoya@broadandcassel.com

Aleida Martinez Molina on behalf of Creditor City of Homestead, Florida
amartinez@wsh-law.com, jfuentes@wsh-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Scott Alan Orth, Esq. on behalf of Debtor ASK Homestead Florida, LLC.

00184966.DOC
9

scott@orthlawoffice.com,
notices@orthlawoffice.com,eservicesao@gmail.com,orthlaw@bellsouth.net

Michael L Schuster on behalf of Trustee Soneet Kapila
mschuster@gjb-law.com, gjbecf@gjb-law.com

## VIA U.S. MAIL
Ross Hartog, Esq.
Counsel for Shakey's USA , Inc.
9130 South Dadeland Boulevard
Suite 1800
Miami, Florida  33156-7858

Michael Harvison
8500 SW 124 Street
Miami, FL 33156

Helget Gas Products, Inc.
4150 S. 87th St.
Omaha, NE 68127

Helget Gas Products, Inc.
Attn: Joel Morales, Account Manager
601 SW 21st Terrace
Fort Lauderdale, FL 33312

Betson Industries
c/o Jim Silver, Esq.
633 South Federal Highway
Fort Lauderdale, FL 33301

Jason Ivey
32204 SW 203 Ct
Homestead, FL 33030

Scorpion Holdings, LLC
20533 Biscayne Blvd
Aventura, FL 33180

**AND VIA U.S. MAIL TO ALL PARTIES LISTED ON THE CREDITOR ADDRESS
MATRIX ATTACHED HERETO**

00184966.DOC

**EXHIBIT A**
[*Proposed*]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                              Chapter 7

ASK HOMESTEAD FLORIDA, LLC              Case No. 13-34573-AJC

     Debtor.
_____/

**ORDER GRANTING TRUSTEE'S *EXPEDITED* MOTION FOR AN ORDER (I)**
**AUTHORIZING PRIVATE SALE OF THE BANKRUPTCY ESTATE'S INTEREST**
**IN PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 363 AND (II) SHORTENING**
**NOTICE PERIOD IN CONNECTION THEREWITH TO 14 DAYS**

     THIS CAUSE came before the Court for hearing on _____ at ___ .m. upon the Trustee's

*Expedited* Motion [ECF No. __] (the "Motion") for an Order Authorizing the Private Sale (the

"Sale") of the Bankruptcy Estate's Interest in Real Property Pursuant to 11 U.S.C. § 363 and

Shortening the Notice Period in Connection Therewith to 14 Days.  The Court, having reviewed

the Court's file and the Motion, and good cause having been shown, hereby

     **ORDERS AND ADJUDGES** as follows:

     1.     The Motion is **GRANTED**.

00184966.DOC

11

25.     The Trustee's sale of the bankruptcy estate's right, title and interest in the Property (as defined in the Motion), as-is, where-is, without any warranties or representations of any kind whatsoever, and subject to any and all prior liens, claims and encumbrances other than the estate's interest, is approved.

2.     The Property shall be sold to _____ (the "Buyer") in exchange for a payment of _____ dollars ($_____) pursuant to the terms set forth in the Motion and in this Order.

3.     The Property will be sold as-is, where-is, without any warranties or representations of any kind whatsoever, and subject to all liens, claims and encumbrances;

4.     The Buyer shall be solely responsible for any and all fees and costs associated with obtaining possession of the Property and removing the Property from the Debtor's business location.  The Buyer shall make best efforts to remove the Property form the Debtor's business location as soon as practicable following the Court's approval of this sale.

5.     Neither the Trustee nor the Debtors' bankruptcy estate shall be responsible for any damage or necessary repairs to the Property.

6.     Neither the Trustee nor the Debtor's bankruptcy estate shall be responsible for any fees or costs associated with the Buyer obtaining possession of the Property.

7.      The stay of orders authorizing the use, sale or lease of property as provided for in Fed. R. Bankr. P. 6004(h) is waived and shall not apply to this Order, such that this Order shall be immediately effective and subject to enforcement.

8.      All applicable notice periods for the relief requested in the Motion is shortened to fourteen (14) days from the date of service stated in the Motion.

9.      The Court shall retain exclusive jurisdiction to construe, interpret and enforce the terms of this Order.

00184966.DOC

10.    The Buyer and the Trustee are authorized to execute any documents necessary to effectuate the sale authorized by this Order.

11.    The Trustee's counsel is authorized to return the deposit of any bidder other than the Buyer held in its trust account relating to this transaction.

### 

Submitted by:
Michael L. Schuster
Genovese Joblove & Battista, P.A.
100 SE 2nd Street, Suite 4400
Miami, FL 33131
Tel: (305) 349-2300
Fax: (305) 349-2310
Email: MSchuster@gjb-law.com
(Attorney Schuster shall serve a copy of this Order on all parties in interest, and file a certificate of service)

00184966.DOC

Label Matrix for local noticing
113C-1
Case 13-34573-AJC
Southern District of Florida
Miami
Wed Jan 29 09:18:54 EST 2014

ASK Homestead Florida, LLC.
2500 NE 10th Court
Homestead, FL 33033-4717

City of Homestead, Florida
c/o Aleida Martinez Molina
2525 Ponce de Leon BLVD #700
Coral Gables, FL 33134-6045

DDR Homestead, LLC, c/o Broad and Cassel
Broad and Cassel
100 SE 3rd Ave., Ste. 2700
Fort Lauderdale, FL 33394-0017

ACI Printing Services
1426 Aviation Blvd, Suite 102
Redondo Beach, CA 90278-4061

ADT Security Services
14200 E. Exposition Avenue
Aurora, CO 80012-2540

Alberto Guerson Bejar
PO Box 2670
Hallandale, FL 33008-2670

Anette Ruzansky Winterman
6372 Palma Del Mar Blvd S, #1205
St. Petersburg, FL 33715-1277

Arieh Ruzansky
C/O Michael Spritzer, CPA
2525 Ponce De Leon Blvd, #1040
Coral Gables, FL 33134-6046

Bernardo Ruzansky
C/O Karin Gustafson, Trustee
299 Park Avenue, 16th Floor
New York, NY 10171-0002

Betson Florida Div Of /Betti Industries
9550 Satellite Blvd, Suite 100
Orlando, FL 32837-8449

Brett David
14800 Biscayne Blvd
North Miami Beach, FL 33181-1216

Californa RS, LLC.
C/O Daniel Serber
2875 NE 191 Street #801
Aventura, FL 33180-2803

California RS, LLC
C/O Michael Spritzer, CPA
2525 Ponce De Leon Blvd, #1040
Coral Gables, FL 33134-6046

City of Homestead
c/o Aleida Martinez Molina
Weiss Serota Helfman, et al.
2525 Ponce de Leon Blvd., Suite 700
Coral Gables, FL 33134-6045

DDR Homestead, LLC.
3300 Enterprise Parkway
Beachwood, OH 44122-7200

DTT Surveillance
1755 N. Main Street
Los Angeles, CA 90031-2516

Eduardo Levy
2875 NE 191 Street #801
Aventura, FL 33180-2803

Fernando L. Ortiz, PA
132 Minorca Avenue
Coral Gables, Florida 33134-4510

Florida City Gas
12 West Jersey Street
ELizabeth, NJ 07201-2314

Florida City Gas
c/o Susan Kight, Credit Specialist
Virginia Natural Gas
544 S Independence Blvd
Virginia Beach FL 23452-1104

Florida Department Of Revenue
5050 West Tennessee Street
Tallahassee, FL  32399-0100

Giovanni Monslave
509 Cassidy Street, Apt F
Oceanside, CA 92054-6046

Greater Philadelphia
C/O Allen Maxwell & Silver
190 Sylvan Avenue
Englewood Cliffs, NJ 07632-2546

Guido M. Taiah
20900 NE 30 Avenue, Suite 835
Aventura, FL 33180-2157

H. Betti Industries, Inc.
303 Paterson Plank Road
Carlstadt, NJ 07072-2307

Helget Gas Products, Inc.
PO Box 24246
Omaha, NE 68124-0246

Homestead Energy Services Electric
711 NE 1 Road
Homestead, FL 33030-6205

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Isaac Levy
2875 NE 191 Street #801
Aventura, FL 33180-2803

JAVG Investments, LLC.
C/O Daniel Serber
2875 NE 191 Street #801
Aventura, FL 33180-2803

JAVG Investments, LLC.
PO Box 2670
Hallandale, FL 33008-2670

JDR Architects
7010 Arlington Ave #206
Riverside, CA 92503-1530


Jacobo Maya
2875 NE 191 Street #801
Aventura, FL 33180-2803

Jojama Investments, LLC.
2875 NE 191 Street, #801
Aventura, FL 33180-2803

Jonathan Kanarek
1101 SW 1 Avenue #2718
Miami, FL 33130-1010


Jose Maya
2875 NE 191 Street #801
Aventura, FL 33180-2803

Juan Mordo Guerson Faradji
PO Box 2670
Hallandale, FL 33008-2670

Letife Levy
2875 NE 191 Street #801
Aventura, FL 33180-2803


Letiser Investments, LLC.
2875 NE 191 Street #801
Aventura, FL 33180-2803

Manuel Flisser Steinbruch
6372 Palma Del Mar Blvd S, #1205
St. Petersburg, FL 33715-1277

Miami Herald Media Company
PO Box 019135
Miami, FL  33101-9135


Michael Blackman & Associates
1106 Broadway
Santa Monica, CA 90401-3008

Michael Harvison
Vendtech International
8500 SW 124 Street
Miami, Florida 33156-5839

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614


Rafael Levy
2875 NE 191 Street #801
Aventura, FL 33180-2803

Richard Johnson
12680 Shorewood Way
Victorville, CA 92392-7932

Risel Investments, LLC.
2875 NE 191 Street #801
Aventura, FL 33180-2803


Russell B. Buchanan
Broad And Cassel
215 South Monroe Street, Suite 400
Tallahassee, FL 32301-1804

Salomon Levy
2875 NE 191 Street #801
Aventura, FL 33180-2803

Saman Investments, LLC.
6372 Palma Del Mar Blvd S, #1205
St. Petersburg, FL 33715-1277


Saman Investments, LLC.
C/O Daniel Serber
2875 NE 191 Street #801
Aventura, FL 33180-2803

Samuel Flisser Chenillo
6372 Palma Del Mar Blvd S, #1205
St. Petersburg, FL 33715-1277

San Pedro Electric Sign Company
701 Lakme Avenue
Wilmington, CA 90744-5943


Sara Kanarek
3500 Magellan Circle, #711
Aventura, FL 33180-3757

Scottsdale Insurance Company
PO Box 4110
Scottsdale, Arizona 85261-4110

South Dade News Leader
800 N. Bristol Pike
Levittown, PA  19057


Staples Advantage
PO Box 405386
Atlanta, GA  30384-5386

The Monica Trust
Dba BMR Investments LLC
299 Park Avenue, 16th Floor
New York, NY 10171-0002

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Victor Guerson Bejar
PO Box 2670
Hallandale, FL 33008-2670

York, Whitman & Blake, LLC.
10101 Southwest Freeway, Suite 325
Houston, TX 77074-1140

Scott Alan Orth Esq.
3880 Sheridan St.
Hollywood, FL 33021-3634


Soneet Kapila
www.kapilatrustee.com
PO Box 14213
Ft Lauderdale, FL 33302-4213

Soneet Kapila
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316-1237


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


US Department Of Treasury
Centralized INsolvency Center
PO Box 21126
Philadelphia, PA  19114


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Miami

End of Label Matrix
Mailable recipients    64
Bypassed recipients     1
Total                  65